UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY SLEDGE, | CASE NO. 1:12-cv-00588-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| J. LUNDY, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |
| / | |

**I.    Procedural History**

Plaintiff Tony Sledge ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On April 9, 2012, Plaintiff filed the complaint which is presently before this Court. Doc. 1.

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**III.     Plaintiff's Complaint**

Plaintiff is currently a state prisoner at the California Correctional Institution (CCI) in Tehachapi, California. The events central to Plaintiff's complaint occurred while he was a prisoner at CCI. Doc. 1. In the complaint, Plaintiff names the following defendants: 1) J. Lundy (Facility A Captain at CCI); 2) E. Prince (Kitchen Staff at CCI); 3) M. Penn (Supervisory Cook II at CCI; and 4) S. Foster (Facility A Correctional Sergeant at CCI). Doc. 1 at 2. Plaintiff seeks injunctive relief and monetary damages. Doc. 1 at 7.

According to Plaintiff, his Eighth Amendment rights were violated because he received cold religious (Halal) meals when Title 15, section 3050 mandates that every prisoner shall have at least two hot meals daily. Doc. 1 at 3. According to Plaintiff, since November 1, 2011, Plaintiff has been served cold religious food for breakfast, lunch and dinner. Doc. 1 at 3. Plaintiff was housed in facility 4A and the meals were made in a different facility and delivered. Doc. 1 at 3. At around 2:00 p.m., the meals are placed in trays which are then placed in an insulated cart to keep the food warm to transfer to his building. Doc. 1 at 3. However, since Plaintiff is Muslim and gets a religious (Halal) meal to accommodate his religious diet, the religious diet trays are separated from the regular meals and instead of placing Plaintiff's meal in an insulated cart to keep warm, Plaintiff's meal is placed in an uninsulated cart. Doc. 1 at 3. At CCI, the winter temperatures are very cold from rain and snow from October to April, and by the time Plaintiff recieves his meal around 4:30 to 5:00 p.m,

it is ice cold. Doc. 1 at 3. On November 14, 2011, Plaintiff sent Defendant Prince a CDCR form 22 stating that his food was cold. Doc. 1 at 3. However, Defendant Prince never responded. Doc. 1 at 3.

On December 13, 2011, Plaintiff filed a form 602 inmate grievance to inform the supervisor that Plaintiff's food was cold and Plaintiff informed multiple officers regarding his food. Doc. 1 at 3. On January 18, 2012, Defendants Foster and Lundy granted Plaintiff's form 602 grievance and stated that they spoke with Defendant Penn and Defendant Penn stated that he had addressed the issue of cold food with the food services department and the food services department was working to get insulated bags to ensure that Plaintiff's food remains hot. Doc. 1 at 3. From February to March 2012, Plaintiff has been suffering from diarrhea and stomach pain as a result of eating the cold food. Doc. 1 at 3.

On about December 20, 2011, right after Plaintiff filed an inmate 602 appeal regarding the cold religious food, Plaintiff found a roach in his dinner tray and showed Officer Rhoades the roach. Doc. 1 at 4. As of March 25, 2012, Plaintiff is still being given cold religious food and is still suffering stomach pain, diarrhea, stress and anxiety. Doc. 1 at 4.

## IV.    Legal Standards and Analysis

### A.    Eighth Amendment

"The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).

#### 1.    Analysis

The Court finds that Plaintiff's claim regarding the prison serving cold food does not rise to the level of constitutional proportions and fails to state an Eighth Amendment claim. *See LeMaire v. Maass*, 12 F.3d 1444, 1456 ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." ); *see also Brown-El v. Delo*, 969 F.2d 644, 649 (8th Cir. 1992) ("[Plaintiff's] claim that his constitutional rights were violated when he was served cold food is frivolous"); *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980) (finding that there is no constitutional right to hot meals).

### B. First Amendment Right to Free Exercise of Religion

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342 (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979). The protection of the Free Exercise Clause of the First Amendment is triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith and rooted in religious beliefs. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981)).

Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see O'Lone*, 482 U.S. at 349 (applying *Turner* to Free Exercise claims). First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." *Turner*, 482 U.S. at 89. A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates." *Id.* at 90. A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." *Id.* "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id.*

#### 1. Analysis

Plaintiff is required to allege sufficient facts to support a plausible claim for relief against each named defendant, which requires more than the mere possibility of misconduct. *Iqbal*, 556 U.S. at 678-79; *Moss*, 572 F.3d at 969. Plaintiff alleges that his religious meals are repeatedly served cold. Plaintiff fails to demonstrate that the act of serving cold food substantially burdens Plaintiff's practice of his religion and prevents him from engaging in conduct which he sincerely believes is consistent with his faith and rooted in religious beliefs. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th

4

Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981)).  Plaintiff fails to state a cognizable § 1983 First Amendment Right to Free Exercise of Religion claim against Defendants

### C.   RLUIPA

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1.  "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (quoting 42 U.S.C. § 2000cc-5(7)(A)).  Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs.  *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005).  "A 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Id.* at 995 (citing *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)).  If the plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." *Id.* (emphasis in original); *see also Alvarez v. Hill*, 518 F.3d 1152, 1156 (9th Cir. 2009).  "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." *Warsoldier*, 418 F.3d at 995.

Additionally, the Court finds that money damages for RLUIPA claims are not available against state actors sued in their individual capacities.  *See, e.g., Nelson v. Miller*, 570 F.3d 868, 885-89 (7th Cir. 2009); *Rendelman v. Rouse*, 569 F.3d 182, 187-88 (4th Cir. 2009); *Sossamon v. Texas*, 560 F.3d 316, 327-29 (5th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1272-73 (11th Cir. 2007). *Shilling*, 377 Fed. Appx. at 705.

### 1. Analysis

Plaintiff fails to demonstrate that serving cold meals substantially burdened the exercise of his religious beliefs and thus fails to state a claim. *See Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005).

## D. Equal Protection / Discrimination

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A plaintiff can establish an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. *See e.g., Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as religion. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

### 1. Analysis

Plaintiff fails to state an Equal Protection claim against any defendants. Plaintiff alleges that all the religious special diet trays are separated from the regular meals and instead of placing religious meals in an insulated cart to keep warm. Although Plaintiff alleges that his religious meals were separated out from the remaining populations' meals and as a result became cold, Plaintiff fails to allege sufficient facts which indicate that Defendants' actions were a result of Plaintiff's being Muslim and not an unintentional mismanagement of food delivery. Therefore, Plaintiff fails to state a cognizable § 1983 Equal Protection claim against Defendants.

## V. Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed April 9, 2012, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 31, 2012

UNITED STATES MAGISTRATE JUDGE